

**Service of Process Transmittal**
02/13/2017
CT Log Number 530680962

**TO:** Tony Jaswal, Director of Property & Liability Claims
Costco Wholesale Corporation
Legal Dept., 999 Lake Drive
Issaquah, WA 98027-

**RE:** **Process Served in New York**

**FOR:** Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Marcia A. Williams, Pltf. vs. Costco Wholesale Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint, Attachment(s) |
| **COURT/AGENCY:** | Kings County: Supreme Court, NY<br>Case # 5011312017 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - August 9, 2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/13/2017 postmarked on 02/09/2017 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service is complete |
| **ATTORNEY(S) / SENDER(S):** | Scottry Necki<br>Rubenstein & Rynecki<br>16 Court Street, Suite 1717<br>Brooklyn, NY 11241<br>718-522-1020 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/13/2017, Expected Purge Date: 02/18/2017 |
| | Image SOP |
| | Email Notification, Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification, Tony Jaswal  tjaswal@costco.com |
| | Email Notification, Zois Johnston  zjohnston@costco.com |
| | Email Notification, Maureen Papier  maureen_papier@gbtpa.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>111 Eighth Avenue<br>13th Floor<br>New York, NY 10011 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of  1 / MH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested



US POSTAGE
ZIP 12210
$ 004.75
0001391831 FEB 09 2017

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS FOLD AT DOTTED LINE
**USPS CERTIFIED MAIL**

USPS CERTIFIED MAIL

9214 8969 0059 7936 3077 39

201702080491
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK NY, 10011

State of New York - Department of State
Division of Corporations

Party Served:
COSTCO WHOLESALE CORPORATION

Plaintiff/Petitioner:
WILLIAMS, MARCIA A

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 01/31/2017 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

FILED: KINGS COUNTY CLERK 01/19/2017 10:45 AM
NYSCEF DOC. NO. 1

INDEX NO. 501131/2017
RECEIVED NYSCEF: 01/19/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
MARCIA A. WILLIAMS,

                         Plaintiffs,

    -against-

COSTCO WHOLESALE CORPORATION,

                        Defendant.
-----------------------------------------------------------------X

Index # 501131/2017
Date of filing: 1/19/2017

Plaintiff designates
Kings County as the
place of trial

Basis of the venue is
Plaintiff's Residence

**SUMMONS**

Plaintiff resides at:
585 East 16th Street
Brooklyn, NY, 11226

County of Kings

TO THE ABOVE NAMED DEFENDANT:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

| DEFENDANT'S ADDRESS: | PLAINTIFF'S ATTORNEYS: |
|---|---|
| COSTCO WHOLESALE CORPORATION<br>C/O CT CORPORATION SYSTEM<br>111 Eighth Avenue<br>New York, NY 10011 | RUBENSTEIN & RYNECKI, ESQS.<br>16 Court Street, Suite 1717<br>Brooklyn, New York 11241<br>(718)522-1020 |

Dated: Brooklyn, New York
         January 11, 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
MARCIA A. WILLIAMS,

               Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION,

               Defendant.
----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff by her attorneys, **RUBENSTEIN & RYNECKI, ESQS.**, complaining of the defendant herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF MARCIA A. WILLIAMS

1. That at all times hereinafter mentioned, plaintiff, was and still is a resident of the County of Kings, City and State of New York.

2. That on August 9, 2016, and at all times herein mentioned, defendant, **COSTCO WHOLESALE CORPORATION**, was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That on August 9, 2016, and at all times herein mentioned, defendant, **COSTCO WHOLESALE CORPORATION**, was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

2

4. That on August 9, 2016, and at all times herein mentioned, defendant, **COSTCO WHOLESALE CORPORATION**, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

5. That on August 9, 2016, and at all times hereinafter mentioned, the defendant, **COSTCO WHOLESALE CORPORATION**, conducted business and maintained offices within the State of New York.

6. That on August 9, 2016, and at all times hereinafter mentioned, the defendant, **COSTCO WHOLESALE CORPORATION**, was and still is a foreign business corporation, duly authorized to do business in the State of New York.

7. That on August 9, 2016, and at all times hereinafter mentioned, the defendant, **COSTCO WHOLESALE CORPORATION**, maintained its principal place of business at 111 Eight Avenue, New York, NY 10011.

8. That on August 9, 2016, and at all times hereinafter mentioned, the defendant, **COSTCO WHOLESALE CORPORATION**, committed a tortious act within the State of New York.

9. That on August 9, 2016, and at all times hereinafter mentioned, the defendant, **COSTCO WHOLESALE CORPORATION**, regularly does, or solicits, business in the State of New York.

10. That on August 9, 2016, and at all times hereinafter mentioned, the defendant, **COSTCO WHOLESALE CORPORATION**, received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

11. That on August 9, 2016, and at all times hereinafter mentioned, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, owned the premises located at 605 Rockaway Turnpike, in the County of Nassau, City and State of New York.

12. That on August 9, 2016, and at all times hereinafter mentioned, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, managed the aforesaid premises.

13. That on August 9, 2016, and at all times hereinafter mentioned, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, maintained the aforesaid premises.

14. That on August 9, 2016, and at all times hereinafter mentioned, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, operated the aforesaid premises.

15. That on August 9, 2016, and at all times hereinafter mentioned, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, controlled the aforesaid premises.

16. That on August 9, 2016, and at all times hereinafter mentioned, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, supervised the aforesaid premises.

17. That on August 9, 2016, and at all times hereinafter mentioned, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, inspected the aforesaid premises.

18. That on August 9, 2016, and at all times hereinafter mentioned, and upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, owned, managed, maintained, operated, controlled, supervised and inspected the aforesaid premises.

19. The plaintiff, **MARCIA A. WILLIAMS**, was a patron at the aforesaid premises owned by defendant **COSTCO WHOLESALE CORPORATION**.

20. That on August 9, 2016, and at all times hereinafter mentioned, the plaintiff, **MARCIA A. WILLIAMS** was lawfully inside the aforementioned premises known as 605 Rockaway Turnpike, Lawrence, NY 11559.

21. That on August 9, 2016, and at all times hereinafter mentioned, the plaintiff, **MARCIA A. WILLIAMS** was lawfully present inside the premises with the knowledge, permission and consent of the defendant.

22. That on August 9, 2016, the plaintiff was lawfully inside the aforesaid premises, when she was caused to slip and fall due to wet and slippery surface.

23. The above mentioned occurrence and the results thereof were caused by the negligence of the defendant and/or defendant's servants, agents, employees and/or licensees in the operation, management, maintenance, control, supervision and inspection of the aforesaid premises; in causing, allowing and permitting said premises at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in causing, allowing and permitting a wet and slippery surface to be left unattended

5

without a warning sign at the aforesaid premises; in failing to maintain the aforesaid premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in failing to provide plaintiff with safe and proper ingress and egress on the premises; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless.

24. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

25. That because of the above stated negligence, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform

plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

26. This action falls within one or more of the exceptions set forth in CPLR§ 1602.

27. That as a result of the defendant's negligence as aforesaid, this plaintiff, **MARCIA A. WILLIAMS**, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**WHEREFORE**, plaintiff, **MARCIA A. WILLIAMS**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **First** Cause of Action; together with attorneys' fees and the costs and disbursements of this action.

DATED: Brooklyn, New York
January 11, 2017

Yours etc.,

_____
SCOTT RYNECKI, ESQ.
RUBENSTEIN & RYNECKI, ESQS.
Attorneys for Plaintiff
16 Court Street Suite 1717
Brooklyn, New York 11241
(718) 522-1020

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK  )
                   ) SS:
COUNTY OF KINGS    )

MARCIA A. WILLIAMS, being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

_____
MARCIA A. WILLIAMS

Sworn to before me this 18 day of January, 2017

_____
NOTARY PUBLIC

CHRISTOPHER VITORATOS
Commissioner of Deeds, City of NY
COD number: 4-7212
New York County
Expires: April 1, 2018

Index No. Year
# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF KINGS

MARCIA A. WILLIAMS,

Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION,

Defendant.

## SUMMONS AND COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

**RUBENSTEIN & RYNECKI ESQS.**
*Attorneys for*
*Office and Post Office Address, Telephone*
16 COURT ST.
BROOKLYN, N.Y. 11241
(718) 522-1020

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

1500 – Blumberg Excelsior Inc., NYC 10013

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,
Yours, etc.
**RUBENSTEIN & RYNECKI ESQS.**
*Attorneys for*
*Office and Post Office Address*
16 COURT ST.
BROOKLYN, N.Y. 11241

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at

on
at     M.
Dated,
Yours, etc.
**RUBENSTEIN & RYNECKI ESQS.**
*Attorneys for*
*Office and Post Office Address*
16 COURT ST.
BROOKLYN, N.Y. 11241

To

Attorney(s) for

RUBENSTEIN & RYNECKI ESQS.